```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| U.A. LOCAL 322 PENSION FUND, et al., | 1:16-cv-01862-NLH-AMD |
| Plaintiffs, | **MEMORANDUM** |
| v. | **OPINION & ORDER** |
| JERSEY COAST PLUMBING, INC., | |
| Defendant. | |

**APPEARANCES**:

MATTHEW THOMAS TOKARSKY
JENNINGS SIGMOND PC
1835 MARKET STREET
28TH FLOOR
PHILADELPHIA, PA 19103
    On behalf of Plaintiffs

**HILLMAN, District Judge**

WHEREAS, pending before the Court is the motion of Plaintiffs, U.A. Local 322 Pension Fund, U.A. Local 322 Health and Welfare Fund, U.A. Local 322 Annuity Fund, U.A. Local 322 Education Fund, Local 322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, U.A. Local 322 Political Action Committee, Kurt R. Krueger, Jr., South Jersey Mechanical Contractors Association Industry Fund and Dan Falasca, Jr., for default judgment against Defendant, Jersey Coast Plumbing, Inc. d/b/a Jersey Coast Plumbing Inc. d/b/a Jersey Coast Plumbing d/b/a Jersey Coast Plumbing Pleasantville, for unpaid contributions, contractual liquidated damages, statutory interest

and attorneys' fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §§ 185(a) and 1132(g)(2); and

WHEREAS, Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145, provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement"; and

WHEREAS, Plaintiffs claim that Defendant has failed to pay contributions in the estimated amount of $49,598.17 to the Fund from the period from January 2010 through December 2013. In addition, Defendant owes liquidated damages and interest on contributions paid beyond the due date in the amount of $11,075.72, and attorneys' fees and costs totaling $5,290.02 through September 30, 2016; and

WHEREAS, because Defendant failed to respond to numerous deficiency letters Plaintiffs sent to Defendant, Plaintiffs instituted the instant suit against Defendant; and

WHEREAS, Defendant was served with Plaintiffs' complaint on May 18, 2016; but

WHEREAS, Defendant failed to file an answer or otherwise appear, and on June 27, 2016, the Clerk granted Plaintiffs' request for the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a); and

WHEREAS, because Defendant still has not appeared in this action, Plaintiffs have filed the instant motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b); and

WHEREAS, although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citation omitted); and

WHEREAS, the decision to enter a default judgment is left to the Court's discretion, but "'in exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct.'" International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc., 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)); and

WHEREAS, with regard to the second two factors, the Court finds that because Defendant was properly served but has failed to appear in this action, it is unknown whether Defendant has a meritorious defense to Plaintiffs' claims, and the inference is

3

that Defendant's default was the result of its own culpable misconduct; and

WHEREAS, with regard to the first factor, the Court finds that Plaintiffs will be prejudiced if default judgment is not entered against Defendant, because under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan, and "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions."  Id. (citing 29 C.F.R. § 2530.200b-2) (other citation omitted); and

WHEREAS, if an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of:

    (i)  interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the plan in

an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

(D) reasonable attorney's fees and costs of the action, to be paid by the Defendant, and

(E) such other legal or equitable relief as the court deems appropriate; and

WHEREAS, the Court finds that Plaintiffs have provided competent documentation to support their demand under 29 U.S.C. §§ 185(a) and 1132(g)(2) for unpaid contributions, contractual liquidated damages, statutory interest and attorneys' fees and costs;

THEREFORE,

IT IS on this __8th__ day of __May__, 2017

ORDERED that Plaintiffs' Motion for Default Judgment [5] be, and the same hereby is, GRANTED.  An Order of Judgment will be entered separately.

At Camden, New Jersey

 s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.